IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3026 |
| | ) | |
| v. | ) | |
| | ) | |
| CEDRIC VON BLUFORD, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Cedric Von Bluford (Bluford) has filed a Motion to Vacate under 28 U.S.C. § 2255.  After initial review, I deny the motion and dismiss with prejudice.[1]

With no disrespect intended, this is an easy case to resolve.  Bluford missed the deadline for filing a timely section 2255 motion and he has failed to show the due diligence and other factors necessary to excuse the untimely filing.

Judgment was entered on December 20, 2011.  (Filing no. 137.)  The pending motion was filed on May 2, 2014.  (Filing no. 157.)  There was an appeal waiver in the plea agreement.  (Filing no. 117 at CM/ECF p. 7.)  No appeal was taken. Bluford claims that he first learned that no appeal had been filed on February 11, 2014. (Filing

---

[1]Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

no. 157 at CM/ECF p. 4.)  He provides no background information.  There is no evidence that Bluford exercised due diligence in pursuing this matter between December 20, 2011 and May 2, 2014 and there is no evidence that extraordinary circumstances prevented him from acting sooner.

Bluford's motion is untimely under 28 U.S.C. § 2255(f).  Bluford provides me with no reason to believe that there are extraordinary circumstances beyond his control that impeded him and he has also failed to show that he has acted diligently. *See*, *e.g.*, *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009) (for equitable tolling of the filing period for a motion to vacate, set aside, or correct a sentence, the prisoner must show extraordinary circumstances not attributable to the prisoner and beyond his control and also demonstrate that he acted with due diligence in pursuing the motion) (citation omitted).

IT IS ORDERED that:

1. The Motion to Vacate under 28 U.S.C. § 2255 (filing no. 157) is denied and dismissed with prejudice.

2. A separate judgment will be entered.

3. No certificate of appealability will be issued by the undersigned.

DATED this 17th day of July, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.